UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Clark M. Forrest, d/b/a Clark Forrest Farms, | ) Civil Action No. 8:14-CV-01530 <br> ) <br> ) <br> ) **OPINION AND ORDER** |
| Plaintiff, | |
| v. | |
| United States Department of Agriculture, National Appeals Division, Risk Management Agency, Federal Crop Insurance Corporation, and Rain and Hail Insurance, LLC, | |
| Defendants. | |

Before this Court is Defendant Rain & Hail LLC ("R & H")'s Motion to Dismiss the Defendant's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, compel arbitration under the terms of Section 20 of the Common Crop Insurance Policy. (ECF No. 15.) Having considered the motion and the response filed in light of the applicable law, the Court denies the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Clark M. Forrest, d/b/a Clark Forrest Farms ("Plaintiff") filed an amended complaint on June 17, 2014 against Defendants United States Department of Agriculture, National Appeals Division, Risk Management Agency, Federal Crop Insurance Corporation, and Rain and Hail , LLC: 1) seeking judicial review of the adverse determinations made by Agency Defendants United States Department of Agriculture, Federal Crop Insurance Corporation, Risk Management Agency and National Appeals Division ("Agency Defendants"); 2) seeking declaratory judgment as to all defendants; and 3) alleging multiple claims of negligence against R & H for failure to

properly communicate policy requirements, failure to properly complete an appraisal relative to Plaintiff's peach crop, and failure to give prompt notice of Plaintiff's claim to the Risk Management Agency; and 4) asserting a breach of contract claim against R & H for failure to perform its contractual obligations to adjust and handle his claim in accordance with Risk Management Agency regulations. (ECF No. 9.)

This case involves a Federal Crop Insurance Corporation ("FCIC") federally reinsured Multiple Peril Crop Insurance ("MPCI") policy sold and serviced by R & H, a managing general agent, in affiliation with ACE Property and Casualty Company ("ACE"). ACE is a private sector Approved Insurance Provider ("AIP") within the meaning of the Federal Crop Insurance Act. ACE has a Standard Reinsurance Agreement ("SRA") with the FCIC which provides reinsurance to the AIPs. Plaintiff was an R & H policy holder for the 2012 peach crop year and this action arises out of a 2012 peach claim Plaintiff submitted under the MPCI policy after a production loss of his peaches. Because the potential indemnity resulting from Plaintiff's peach claim exceeded the amount of $500,000.00, the consideration and determination of Plaintiff's claim transferred to the Risk Management Agency ("RMA"), which supervises the FCIC.

On July 7, 2014, R & H filed the instant motion, claiming that it is not responsible for the adverse determination that resulted in the denial of Plaintiff's claim. R & H claims that under the applicable terms of the SRA, the MPCI policy between R & H and Plaintiff, and relevant RMA procedures, RMA, not R & H, is liable for the adverse determination. In the alternative, R & H maintains that an arbitration clause in the federal crop insurance policy at issue is binding and enforceable under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.,* and that the claims asserted in this action involve disputes within the scope of the agreement. ( ECF No. 15.) Thus, R & H seeks dismissal of claims II, III, IV, V, and VI of Plaintiff's Amended Complaint, based on

either Rule 12(b)(1) or 12(b)(6).

## LEGAL STANDARDS

R & H has moved to dismiss Plaintiff's Amended Complaint and to compel arbitration pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

1.     Rule 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate claims. "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). Unless a matter involves an area of a federal court's exclusive jurisdiction, a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states," 28 U.S.C. § 1332(a)(1). In reviewing a motion to dismiss under Rule 12(b)(1), the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq*., embodies a federal policy favoring arbitration. *Drews Dist., Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 349 (4th Cir. 2001). A litigant can compel arbitration under the FAA, if the litigant can demonstrate: " (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [party] to arbitrate the

dispute." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002) (internal citation and quotations omitted).  The FAA mandates that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the avoidance of any contract." 9 U.S.C. § 2. "A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins*, 303 F.3d at 500.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999).  In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  A plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d).  Despite this general rule, the United States Court of Appeals for the Fourth Circuit has explained that courts "may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir.2006) (unpublished per curiam opinion).

## DISCUSSION

Having reviewed and considered the submissions of the parties[1] in light of the applicable law, R & H's motion must be denied. First, Plaintiff's primary business before the Court is to appeal from an underlying adverse determination of the Agency Defendants, namely Defendant RMA. Plaintiff's claims for judicial review and declaratory judgment concern this underlying adverse determination. The decision of the National Appeals Division's director affirming the adverse determination of the RMA is a final administrative action, which may be reviewed by the district court. *See* 5 U.S.C. § 704 (right to judicial review of final agency action); 7 U.S.C. § 6999 ("a final determination by the National Appeals Division shall be reviewable and enforceable by any United States district court of competent jurisdiction in accordance with chapter 7 of Title 5."). It is clear that Plaintiff has already exhausted the process of seeking administrative review concerning the Agency Defendants' participation in the large claim review process and did so prior to bringing the instant suit. R & H was a participant in that action as an interested party and remains so here upon judicial review. Although R & H asserts that Plaintiff's only course of action is against RMA, R & H has not put forth sufficient arguments to convince this Court that it has absolutely no interest in the outcome of these claims and that its dismissal is warranted under either 12(b)(6) or 12(b)(1).

The remaining state law counts of the Amended Complaint are directed toward R & H and concern R & H's various reporting, record keeping and evaluation duties as they pertain to Plaintiff's large claim. (ECF No. 9.) As an alternative to dismissal, R & H asks this Court to compel arbitration of Plaintiff's claims against R & H because the Common Crop Insurance Policy, i.e., the "Basic Provisions" of the MPCI Policy (codified at 7 C.F.R. § 457.8) requires that any

---

[1]The Court's consideration of documentation embraced by the complaint and relevant to resolving the jurisdictional questions presented does not convert the motion into one for summary judgment under Fed.R.Civ.P. 12(d).

dispute between a named insured and insurer regarding a "determination" by an insurer be resolved through arbitration. (ECF No. 15-1 at 12, 18.) "In order for a court to compel arbitration, the court must first find that an arbitration agreement exists between the parties. If an agreement is found to exist, the court must then decide whether the dispute at issue falls within the scope of the agreement." *Hightower v. GMRI, Inc*., 272 F.3d 239, 242 (4th Cir. 2001). "To decide whether an arbitration agreement encompasses a dispute[,] a court must determine whether the factual allegations underlying the claim are within the scope of the arbitration clause, regardless of the legal label assigned to the claim." *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 319 (4th Cir.1988).

R & H argues that enforcement of the arbitration clause in a federal MPCI policy is mandated by the Federal Arbitration Act and that the subject arbitration clause, which covers a failure to agree on "determinations," encompasses the issues presented in this litigation. (ECF No. 15-1 at 15.) Plaintiff does not dispute the binding nature of the arbitration clause of paragraph 20 of the Basic Provisions in cases where an AIP makes a determination concerning an insured's claims. Plaintiff, however, contends that its claims against R & H are outside of the scope of the clause. (ECF No. 21-1 at 8-9.) The Court agrees. R & H's position remains that it never made a determination concerning Plaintiff's claim, RMA did so. Having reviewed the pertinent policy language, the Court finds that the arbitration clause has not been triggered because the issues complained of do not concern any coverage or claim determinations made by R & H. Instead the claims primarily involve R & H's alleged negligent conduct prior to the RMA's determinations of the 2012 peach claim as a private sector insurer of MPCI policies. Even Plaintiff's "breach of contract" claim is an allegation of R & H's failure to properly handle its claim and conduct the required appraisals—not a challenge of any indemnification determinations. At this juncture,

Plaintiff's state law claims against R & H do not contain issues referable to arbitration pursuant to the policy. *See Farmers Crop Ins. Alliance v. Laux*, 442 F.Supp.2d 488, 491 (S.D.Ohio 2006) ("[T]he RMA has not extinguished state law causes of action that may arise from tortious conduct by private companies selling RMA-approved reinsurance contracts.")

## CONCLUSION

For the foregoing reasons, the court DENIES Defendant's motion. The record does not show that Plaintiff's claims against R & H are covered by a valid arbitration clause. The Court, however, will allow R & H to renew its motion to compel arbitration should arbitrable claims develop or should discovery otherwise yield support for such a motion.[2]

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
November 20, 2014

---

[2]Defendant has failed to demonstrate that this action should be dismissed for lack of subject matter jurisdiction. As noted above, this district court has exclusive jurisdiction to hear an appeal from an adverse determination of the Agency Defendants. Additionally, diversity jurisdiction is established in this action, as complete diversity of citizenship exists between Plaintiff and the Defendants, and the jurisdictional amount in controversy is satisfied by Plaintiff's prayer for damages in the amount of certain alleged losses. To the extent Defendant sought dismissal based on Rule 12(b)(1) on the grounds that the arbitration clause somehow ousts this Court of jurisdiction, the more modern view is that such agreements are in fact not destructive of jurisdiction. *See Bayer CropScience AG v. Dow AgroSciences, LLC*, No. 2:12-cv-47, 2012 WL 2878495 (E.D. Va. July 13, 2012)(discussing several circuit cases and viewpoints).